UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI ABDUL COLEMAN,<br><br>    Petitioner,<br><br>v.<br><br>DAVID BAUGHMAN,<br><br>    Respondent. | No. 2:19-cv-1127 WBS CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California State Prison, Sacramento prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is serving an indeterminate sentence of 75 years-to-life in prison imposed in 2003 for first degree murder. That sentence was ordered to be served consecutively to a determinate 9-year sentence for arson, also imposed in 2003. It appears the 9-year sentence has been served.[1] Petitioner challenges the result of prisoner disciplinary proceedings in which petitioner was found to have possessed a deadly weapon and was assessed a 360-day forfeiture of sentence credit.

Respondent argues that the court must dismiss the petition before the court because a favorable result thereon will not shorten petitioner's indeterminate length of confinement. Petitioner acknowledges that the granting of his petition will not necessarily result in earlier

---

[1] Pursuant to respondent's request, and based upon respondent's exhibit 1, the court takes judicial notice of these facts pursuant to Federal Rule of Evidence 201(b)(2).

1

release.  However, petitioner asserts the court still has jurisdiction because a favorable result: (1) would mean that he would at least be eligible for parole a year earlier; and (2) would make petitioner eligible for a less restrictive form of custody which would include access to more rehabilitation programs and jobs.

In 2016, the Ninth Circuit clarified that a claim can only be brought in an action for writ of habeas corpus under 28 U.S.C. §2254 if success on the claim would result in immediate release or a shorter duration of confinement.  Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016). Petitioner attempts to distinguish Nettles by noting that the petitioner in that case had already reached a point in his sentence in which he was eligible for parole.  Therefore, restoration of sentence credit could not have accelerated eligibility for parole as petitioner alleges would be the case here.

However, in Nettles, the Ninth Circuit adopted a clear threshold for habeas jurisdiction as identified above, and a claim seeking acceleration of eligibility for parole does not meet that threshold.  For example, the Ninth Circuit noted that the history of the writ of habeas corpus "makes clear that it traditionally has been accepted as the specific instrument to obtain release from unlawful confinement. . ."  Id. at 927-28 (internal quotations omitted).   Furthermore, the court specifically overruled two previous decisions in which the relief sought was not immediate or earlier release:

> By contrast, Skinner's[2] core-of-habeas standard is a well-tested one that does not require the sort of probabilistic analysis found in some of our prior precedent, such as whether success on a claim would be "likely" to lead to an earlier release, Bostic, 884 F.2d at 1269,[3] or "*could potentially affect* the duration of their confinement," Docken, 393 F.3d at 1031 (emphasis added).[4]

In any case, as noted by respondent, pursuant to California Penal Code § 3055(a) petitioner will be eligible for an "elderly parole hearing" in 2039 when he reaches 60 years-of-age

---

[2] Skinner v. Switzer, 562 U.S. 521 (2011).

[3] Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989).

[4] Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004).

2

and has served at least 25 years of continuous imprisonment. Restoration of one year of good conduct sentence credit will not accelerate that date.

For all of the foregoing reasons, the court does not have jurisdiction under 28 U.S.C. § 2254 over any of petitioner's claims. Therefore, the court will recommend that respondent's motion to dismiss be granted and petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted;

2. Petitioner's petition for a writ of habeas corpus be dismissed; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file

/////

/////

/////

3

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 22, 2019

                                        /s/ Carolyn K. Delaney
                                        CAROLYN K. DELANEY
                                        UNITED STATES MAGISTRATE JUDGE

1
cole1127.dis